**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

United States of America,

    v.                                      Case No. 2:17-cr-36(3)

Raymond Tillman,                         Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

The Court sentenced Defendant to sixty months' imprisonment and five years' supervised release after Defendant pleaded guilty to one count of conspiring to distribute over one thousand kilograms of marijuana.  Plea Agmt., ECF No. 39; Judgment, ECF No. 90.  Thereafter, the Court denied a motion for compassionate release and a motion to reconsider that denial.  Order, ECF No. 157; 5/27/20 Notation Order.  That decision was upheld on appeal.  Op. and Order, ECF No. 169.

Defendant was eventually released from custody and began his term of supervised release.  In 2023, the Court approved travel outside the Southern District of Ohio.  Order, ECF No. 186.

Now, Defendant moves for early termination of supervised release.  Mot., ECF No. 187.

### I.      STANDARD OF REVIEW

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised

release" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).[1]

Section 3583(e) directs the Court to consider certain § 3553(a) factors in making its decision.  Those factors are: (1) the "nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for "the sentence imposed" to "afford adequate deterrence to criminal conduct"; (3) the need to "protect the public from further crimes of the defendant"; (4) the need to provide "the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (5) the "kinds of sentence and the sentencing range established" in the guidelines; (6) "any pertinent policy statement" issued by the Sentencing Commission; (7) the "need to avoid unwarranted sentence disparities"; and (8) the "need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

Moreover, the United States Sentencing Guidelines now cover early termination of supervised release.  Section 5D1.4 states:

> Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of

---

[1] Section 3583(e)(1) directs that any termination of supervised release must be done in accordance with "the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation[.]"  The relevant criminal rule is Rule 32.1, which provides that the Court generally must hold a hearing before modifying conditions of release. However, a "hearing is not required" if (1) "the relief sought is favorable to the [defendant] and does not extend the term of probation or of supervised release"; and (2) the Government received notice of the request and "has had a reasonable opportunity to object," but "has not done so."  Fed. R. Crim. P. 32.1(c)(2).  Here, no hearing is necessary because the Government has indicated that it does not intend to file a response in opposition to Defendant's motion.

supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice.

U.S.S.G. § 5D1.4(b). The application notes to § 5D1.4(b) instruct the Court to consider the factors in 18 U.S.C. §§ 3583(c) and (e) in making each individualized assessment. *Id.* (application note 1(A)). The application notes also state that a court may wish to consider the following six factors when determining whether to terminate supervised release:

(i) any history of court-reported violations over the term of supervision;

(ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

*Id.* (application note 1(B)).

Defendant argues that he has not incurred a single infraction since beginning supervised release in 2021 and has maintained gainful employment.

Mot., ECF No. 187.  Defendant also cites the recent move to reschedule marijuana from a Schedule I substance to a Schedule 3 substance and the fact that his supervised release is set, in any event, to expire in July 2026.  *Id.*

The Court has consulted with the Government and Defendant's Probation Officer, neither of whom oppose termination.  After considering the applicable § 3553(a) factors and the six factors listed in U.S.S.G. § 5D1.4(b), the Court agrees that termination is warranted by Defendant's conduct and in the interest of justice.  Specifically, there is no history of violations, Defendant seems able to self-manage, Defendant has remained in compliance with the terms of supervision, and there is no reason to think that termination will jeopardize the public safety.  The sentence served to date will afford adequate deterrence, and there is no need to protect the public from future crimes by Defendant or to provide Defendant with needed educational training, vocational training, or medical care.  Thus, the Court **GRANTS** Defendant's motion and **TERMINATES** his supervised release.  The Clerk shall terminate ECF No. 187 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**